**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **THOMAS K. AQUILLA,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: **RWT-02-3138** |
| **WASHINGTON GAS RESOURCES CORP.**, | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

This case comes before the Court on Plaintiff's Motion For Leave of Court To Amend Complaint And Obtain Additional Limited Discovery. On September 25, 2002, Plaintiff filed a complaint alleging claims of Breach of Contract, Accounting, Negligent Misrepresentation, Intentional Misrepresentation and Punitive Damages and Usurpation of Corporate Opportunity. On May 15, 2003, a scheduling order was issued, which included a deadline for the amendment of pleadings of June 30, 2003. After an extensive discovery period, discovery closed on April 30, 2004. On August 9, 2004, Defendant filed a Motion For Partial Summary Judgment which the Court granted on November 1, 2004. Also on November 1, 2004, the Court scheduled a pretrial conference for May 9, 2005, which was later moved to June 13, 2005. On November 17, 2004, Plaintiff filed a Motion For Reconsideration which the Court denied on January 14, 2005. On March 15, 2005, Plaintiff's counsel withdrew after being discharged by the Plaintiff. New counsel entered their appearance on April 1, 2005. Plaintiff filed the present Motion To Amend on April 18, 2005. No hearing is deemed necessary. See D. Md. R. 105.6.

Plaintiff seeks leave to make extensive revisions to his complaint that would, inter alia, add a claim for breach of an employment agreement entered into by Plaintiff and American Combustion Industries, Inc. ("ACI") and a statutory claim under the Maryland Wage Payment and Collection Act. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it is well within the discretion of the court whether to grant leave to amend, and a Court may deny leave to amend where there exists undue delay, bad faith, undue prejudice to the party opposing the motion or where the motion to amend will be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, the Court finds that Plaintiff's Motion to Amend is a classic case of "too much and too late," especially considering the questionable validity of the claims Plaintiff seeks to add. Accordingly, the Court will, by separate order, deny Plaintiff's motion.

Here, Plaintiff's motion to amend comes more than two and a half years after filing his complaint, almost two years after the deadline for amendment of pleadings, twelve months after the close of discovery, over seven years after Defendant terminated Plaintiff's employment and less than one month prior to the scheduled pretrial conference. Furthermore, unlike the plaintiff in Wall v. Fruehauf, Docket No. 03-2091 (4th Cir., Feb. 24, 2005), who merely changed the section number of the statute under which his claim arose, Plaintiff here proposes to make extensive revisions to his complaint which would add two new causes of action, predicated on new facts and involving a third party, Plaintiff's former employer ACI. Wall involved a minor pleading defect that was promptly corrected (by changing only a section number) as soon as the plaintiff's counsel recognized the problem. Here, the Plaintiff, having retained new counsel, seeks to inject entirely new legal theories based on different operative facts involving a different agreement in his proposed amendments to the complaint. This, in turn, would necessitate the reopening of discovery and

would cause extensive additional expense to the Defendant in its defense of this action. Notwithstanding the liberal standard of Fed. R. Civ. P. 15(a), the Court concludes that the amendments will cause undue delay, will cause prejudice to the Defendant and also would be futile.

The futility to Plaintiff's proposed amendments is clear. For example, in his deposition, Plaintiff admitted that the employment agreement was not breached; therefore, he cannot sustain a claim for breach of the agreement now. Plaintiff also acknowledged under oath that he had received all amounts due to him under his severance package, eliminating the possibility of a claim under the Maryland Wage Payment and Collection Act.

Furthermore, Plaintiff seeks to add these new claims well beyond the three year statute of limitations period, which is strictly construed in order to preclude the assertion of stake claims. Hecht v. Resolution Trust Corp., 333 Md. 324, 332-333 (1994). In order for the amendment to realte back and not be subject to the bar of limitations, it must involve the same defendant and the same operative facts as the original complaint. Crowe v. Houseworth, 272 Md. 481, 486 (1974). The original complaint alleged that Washington Gas Resources Corporation ("WGRC") breached the Stock Purchase Agreement, an agreement entered into among Plaintiff, WGRC and ACI. The proposed amendment alleges that WRGC breached the employment agreement entered into between Plaintiff and ACI (Count I) and that WGRC failed to pay Plaintiff wages due under the employment agreement (Count II). Therefore, Count I of the proposed amended complaint alleges an entirely new cause of action based on an alleged breach of an entirely different contract with different terms from the original complaint. Additionally, although Plaintiff alleges that WGRC is liable to Plaintiff under Count II, the proper defendant under Count II is actually ACI because ACI was Plaintiff's employer, not WGRC. Md. Code Ann. [Labor and Employment] § 3-501

(2004).  Where an amendment to a complaint involves different operative facts or adds a new party, the amendment does not relate back to the original complaint.   <u>Williams v. Hofman Balancing Techniques, Ltd.</u>, 139 Md. App. 339, 365 (2001).  Accordingly, the new claims would be barred by limitations.

For the above reasons, the Court finds that permitting Plaintiff to amend his complaint at this late stage would not only cause undue delay, but also that the claims he seeks to add are futile and permitting the Plaintiff to amend his complaint at this time would prejudice the Defendant. Accordingly, Plaintiff's motion is denied.   A separate Order follows.

|  5/18/05  |  /s/  |
| :---: | :---: |
| DATE | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |